UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOENALD PIERRE,                                    Case No. 14 CV 7391
                Plaintiff,                          (ENV) (MDG)

      -against-                                 **AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE           JURY DEMAND
THOMAS CAPPOLLA [SHIELD # 5110],
DETECTIVE RUSSO, P.O. KRISHNA
TANDRIAN [SHIELD # 15701], P.O.
FELICIA SIMON [SHIELD # 27649], and
JOHN DOE AND JANE DOE,
                Defendants.
----------------------------------------------------------------X

Plaintiff, JOENALD PIERRE, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Thomas Cappolla [Shield # 5110], Detective Russo, P.O. Krishna Tandrian [Shield # 15701], P.O. Felicia Simon [Shield # 27649] and John Doe and Jane Doe (collectively, "defendants"), respectfully alleges as follows:

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant Detective Thomas Cappolla [Shield # 5110] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant Detective Russo was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant P.O. Krishna Tandrian [Shield # 15701] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant P.O. Felicia Simon [Shield # 27649] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

11. Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants Cappolla, Russo and John Doe and Jane Doe are collectively referred to herein as "Cappolla defendants".

13. Defendants Tandrian, Simon and John Doe and Jane Doe are collectively referred to herein as "Tandrian defendants".

14. Cappolla and Tandrian defendants are collectively referred to herein as "defendant officers".

15. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The First Arrest/Incident

16. On or about October 7, 2014, at approximately 9:30 a.m., Tandrian defendants, acting in concert, arrested plaintiff without cause at his home which is located at 310 Lenox Road, Apt. 4J, Brooklyn, New York, and charged plaintiff with unspecified charges.

17. Plaintiff, however, did not commit any crime or offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18. Prior to the arrest, Tandrian defendants forced their way into the plaintiff's home and interrogated the plaintiff concerning a cross-complaint he and his girlfriend, Anisa Delaney, made against each other in or about September 2014, which was promptly investigated and closed by the police.

19. While Tandrian defendants were interrogating the plaintiff at his home, plaintiff, who is a trained paralegal and unemployed at the time, received a telephone call from the office of a legal placement agency seeking to hire the plaintiff for a legal position.

20. Plaintiff requested permission from Tandrian defendants to call back the legal placement agency concerning the position.

21. Tandrian defendants denied the plaintiff's request.

22. Eventually, Tandrian defendants tightly handcuffed the plaintiff with his hands placed behind his back.

23. Plaintiff complained that the handcuffs were too tight and were cutting into his skin causing him to experience pain and numbness in his arms.

24. Tandrian defendants refused plaintiff's entreaties to remove or loosen the handcuffs.

25. Following the arrest, Tandrian defendants transported plaintiff to NYPD-67th Precinct.
26. Plaintiff was detained at NYPD-67th Precinct for a lengthy period of time.

The Rearrest/Second Incident

27. Upon information and belief, Tandrian defendants eventually conferred with Cappolla defendants and requested Cappolla defendants to rearrest the plaintiff.
28. On or about October 7, 2014, at approximately 1:30 p.m., Cappolla defendants, acting in concert, arrested plaintiff without cause at NYPD-67th Precinct which is located at 2820 Snyder Avenue, Brooklyn, New York, and charged plaintiff with PL 215.51(b) 'Criminal contempt in the first degree.'
29. Following the rearrest, Cappolla defendants tightly handcuffed the plaintiff with his hands placed behind his back.
30. Eventually, plaintiff was transported to NYPD-101st Precinct by Cappolla defendants.
31. After detaining the plaintiff for a lengthy period of time at the NYPD-101st Precinct, plaintiff was transported to the Central Booking to await arraignment.
32. While plaintiff was awaiting arraignment, Cappolla defendants met with prosecutors employed by the Queens County District Attorney's Office.
33. During this meeting, Cappolla defendants falsely stated to the prosecutors, among other things, that the plaintiff violated a lawful order issued by a court of competent jurisdiction.
34. Based on the false testimony of Cappolla defendants, the prosecutors initiated criminal actions against the plaintiff.
35. Following an independent investigation, the prosecutors determined that there was no evidence of any crime committed by the plaintiff.
36. As a result, the prosecutors declined to prosecute the plaintiff.

37. Eventually, after detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

38. Following his release, plaintiff contacted the legal placement agency to inquire about the aforementioned legal position but was advised that the agency had filled the position as it did not hear back from the plaintiff.

39. Plaintiff was unable to obtain any gainful employment for several months thereafter.

40. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

41. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

42. As a result of the aforesaid actions by the defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

<u>FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers</u>

43. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44. The conduct of defendant officers, as described herein, amounted to false arrest.

45. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

46. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

47. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

49. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

50. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

54. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

55. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL ENTRY - against Tandrian defendants

56. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. The conduct of defendant officers, as described herein, amounted to unlawful entry.

58. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

59. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE AND UNLAWFUL STOP & FRISK - against defendant officers

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. Defendant officers performed a warrantless search of the plaintiff.

62. Defendant officers' warrantless search did not yield any contraband.

63. Nonetheless, defendant officers arrested and detained the plaintiff for a lengthy period of time.

64. The conduct of defendant officers, as described herein, amounted to unreasonable search & seizure and unlawful stop & frisk.

65. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

66. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant officers

67. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

68. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

69. The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

70. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

71. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

72. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this complaint as though fully set forth herein.

73. In an effort to find fault to use against the plaintiff, defendants officers met with several other individuals and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

74. The conduct of defendant officers, as described herein, amounted to conspiracy.

75. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

76. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DISCRIMINATION, DENIAL OF EQUAL PROTECTION OF THE LAWS AND DENIAL OF DUE PROCESS RIGHTS - against defendant officers

77. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. The conduct of defendant officers, as described herein, amounted to discrimination, denial of equal protection of the laws and denial of due process rights.

79. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

80. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City of New York

81. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

83. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some crime or offense.

84. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

85. Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to the NYPD-67th and NYPD-101st Precincts concerning similar arrests and charges as those described herein.

86. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

87. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

88. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

89. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 88 of this complaint as though fully set forth herein.

90. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

91. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

92. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

93. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - against defendants

94. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

96. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, strip search, detention and imprisonment by defendants.

97. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: OTHER NEW YORK TORTS - against defendants

98. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment, assault and battery, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, negligence, defamation, conspiracy, breach of special duty or relationship, loss of consortium, loss of wages, harassment, tortuous interference, abuse of power, fraud, trespass and negligent hiring and retention of defendant officers.

100. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       October 20, 2015

                         UGO UZOH, P.C.

                         /s/

                     _____
                By:    Ugochukwu Uzoh (UU-9076)
                     Attorney for the Plaintiff
                     304 Livingston Street, Suite 2R
                     Brooklyn, N.Y. 11217
                     Tel. No: (718) 874-6045
                     Fax No: (718) 576-2685
                     Email: u.ugochukwu@yahoo.com